**STATE of Tennessee, Appellee,**

v.

**Barbara A. SMITH, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 16, 1984.

Jim W. Stambaugh, Morristown, for appellant.

William M. Leech, Jr., State's Atty. Gen., Wayne E. Uhl, Asst. State's Atty. Gen., Thomas H. Potter, Research Asst., Nashville, Berkeley Bell, Dist. Atty. Gen., Edward Sempkowski, Asst. Dist. Atty. Gen., Morristown, for appellee.

## OPINION

BYERS, Judge.

The defendant was found guilty of DUI and, as a second offender, was fined five hundred dollars and sentenced to serve eleven months and twenty-nine days.

The defendant says the state was erroneously allowed to show she refused to take a breathalyzer test and says when she asked to take the test the officer refused to give the test. She contends these actions violated her constitutional rights. The defendant does not attack the sufficiency of the evidence, which is more than sufficient to show her guilt.

The judgment is affirmed.

The evidence touching upon the issues raised in this appeal shows, according to the state's evidence, that the officers on three occasions requested the defendant to submit to a breathalyzer test, but she refused. The last request made by the officers was approximately one and one-half hours after she came into police custody. The defendant did not express any desire to take the test until she had talked with her attorney. This request came at least two hours after she had come into custody.

The defendant says the evidence of her refusal to take the test violated her constitutional right not to give evidence against herself. The contention is without merit. In *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed. 748 (1983), the United States Supreme Court held that introduction of evidence which shows an accused refused to take a sobriety test does not violate the fifth amendment prohibition against self-incrimination. This Court has held that a refusal to take a sobriety test is admissible as being probative on the issue of guilt. *State v. Earl S. Daniel*, No. 82–177–III (Tenn.Cr.App., Nashville, March 7, 1983).

The defendant asserts the refusal of the state to give her a breathalyzer test after she requested it denied her the constitutional right to show her innocence.

■ Under the facts of this case, we do not see a constitutional deprivation of due process in the refusal of the officer to administer the breathalyzer test. The officer had on three occasions asked the defendant to take the test. The defendant refused. The officer had substantially completed all the paper work and was going back on patrol. The defendant, who had just conferred with counsel, then asked that the test be given.

We do not think the officer was compelled at that time to administer the test to avoid a due process infringement. *See State v. Neitzel*, 95 Wis.2d 191, 289 N.W.2d 828 (1980).

There is no showing in this record that the officers would have restrained the defendant from procuring, at her own expense, a separate test to determine the blood alcohol content. If the defendant wished this she could have made a request to be allowed to do so. In fact, the defendant was released from custody immediately after her request for a breathalyzer test was refused. *See generally* Annot., 78 A.L.R.2d 905 (1961).

CORNELIUS and SCOTT, JJ., concur.