STATE of Tennessee, Appellee,

v.

Andrew K. WRIGHT, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 17, 1984.

Permission to Appeal Denied May 13, 1985.

J. Nicklas Holt, Mears & Mears, P.C., Maryville, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Kimberly J. Dean, Asst. Atty. Gen., Nashville, David G. Ballard, Asst. Dist. Atty. Gen., Maryville, for appellee.

## OPINION

DWYER, Judge.

After a jury trial appellant, Andrew K. Wright, was found guilty of driving while under the influence of an intoxicant. *See* T.C.A. § 55–10–401(a). He was sentenced to serve eleven (11) months and twenty-nine (29) days imprisonment, all but forty-eight (48) hours of the sentence being suspended. Additionally, appellant was fined two hundred and fifty dollars ($250.00) by the jury.

Appellant appeals as of right and sets forth two (2) issues for our review: (1) whether the evidence adduced at trial is sufficient to sustain the jury's guilty verdict; and (2) whether the trial court erred by allowing the admission of evidence that showed appellant refused to submit to a proffered blood alcohol test. We will review the evidence in order to determine the first issue.

Rockford City Police Officer Stephen Key, testifying for the State, related that on August 21, 1983, he pulled out onto the highway and followed appellant's vehicle after clocking its speed on radar at 63 miles per hour in the vicinity of Co-op Road and Highway 53. After observing the vehicle cross the painted center line, he pulled appellant over to the side of the road. He testified that appellant walked in an unsteady manner, smelled of alcohol, and talked with a thick tongue. He was of the opinion that appellant was under the influence of an intoxicant. He asked the appellant to take a blood alcohol test, but appellant refused. He started to give appellant a field sobriety test, but appellant told him that he had brain damage. Appellant admitted to Officer Key that he had recently consumed two (2) quarts of beer.

Police Officer Randall Whitehead, called as a defense witness, testified that he had been riding with Officer Key that night. Although he did not observe appellant walk abnormally, he was of the opinion that appellant was under the influence of an intoxicant. Appellant told the officers that he was not drunk.

David Forrester, another defense witness, testified that although he and appellant had drunk two (2) quarts of beer each, one quart around 7:30 p.m. and the other around 10:00 p.m., when appellant left his company, appellant did not appear to have any problems driving. He was of the opinion that appellant was not impaired by the beer.

The appellant testified that he had drunk two (2) quarts of beer that evening; however, he contended that his ability to drive was not impaired. He admitted that he was speeding when the police pulled him over to the edge of the road and had refused the field sobriety test because his brain damage would cause disorientation. He admitted reading something about a blood alcohol test but did not remember refusing or agreeing to take the test. However, he said that he asked to take the test when he arrived at the jail but was never given it.

■ We conclude that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact clearly could have found the appellant guilty of driving while under the influence of an intoxicant beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in the witnesses' testimony in favor of the State's theory. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). The evidence abundantly meets the requirements of T.R.A.P. 13. The evidence issue is overruled.

■ The second issue presented is whether the trial court erred in allowing the State to present evidence that appellant

refused to take the blood alcohol test. Appellant asserts that this admittance violates the rule that the accused shall not be compelled to give evidence against himself. *See* Tenn. Const. art. I, § 9. However, we agree with the State that the parameters of our State constitution's prohibition on self incrimination is co-extensive with the parallel federal Constitution's prohibition. *See Delk v. State*, 590 S.W.2d 435 (Tenn.1979). It is not a violation of the fifth amendment privilege against self-incrimination to admit into evidence the defendant's refusal to submit to blood alcohol testing. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). It follows that such refusal admitted into evidence over objection does not violate appellant's constitutional rights under either the federal or our State constitution. This court has laid to rest this issue in *State v. Smith*, 681 S.W.2d 569 (Tenn.Crim.App.1984).

The issues overruled, the judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.