# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1997

FILED

March 4, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9607-CR-00283** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. THOMAS H. WARE** |
| **WILLIAM F. HEGGER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - D.U.I.)** |


FOR THE APPELLANT:

ROGER K. SMITH
Suite 115
104 Woodmont Boulevard
Nashville, TN 37205
   (On Appeal)

KARL DEAN
Public Defender

MICHAEL FRIEDLAND
Assistant Public Defender
12th Floor, Stahlman Building
Nashville, TN 37201
   (At Trial)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

PATTY S. RAMSEY
Assistant District Attorney
Washington Square, Ste. 500
Nashville, TN 37201-1649


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On May 17, 1994, a Davidson County jury found Appellant, William F. Hegger, guilty of driving under the influence of an intoxicant, first offense. The trial court sentenced Appellant as a Range I standard offender to eleven months and twenty-nine days incarceration (all but ten days suspended), imposed a two-hundred and fifty dollar fine, ordered Appellant to attend alcohol treatment school, and suspended Appellant's driver's license for a period of one year. Appellant was further ordered to perform two hundred hours of public service work. On February 22, 1996, following a hearing upon Appellant's motion, the trial court modified Appellant's sentence, waiving the fine and public service work. The trial court found that Appellant had completed his jail time, and the one year suspension of his license. Appellant filed a timely notice of appeal, raising several issues, namely:

    1) whether the trial court erred in allowing evidence regarding the horizontal gaze nystagmus (HGN) test;
    2) whether the trial court erred in admitting the testimony of Lt. Louise Kelton;
    3) whether the evidence was sufficient to support the jury verdict;
    4) whether the defense counsel provided effective assistance of counsel.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

On May 20, 1993, Officer Danny Hale of the Metro-Davidson County Police Department observed Appellant's automobile on the edge of a median and a turn lane on Murfreesboro Road in Nashville. Appellant was in his

vehicle, apparently trying to move it. Officer Hale stopped to see if he could be of assistance and, in talking with Appellant, noticed the order of alcohol on Appellant's person. When Appellant got out of his car, he staggered; Appellant's speech was slurred, and the officer detected that his eyes were glassy and bloodshot.

Officer Hale requested that Appellant perform a series of field sobriety tests; Appellant complied, preforming the horizontal gaze nystagmus test, the one leg stand test, and the heel to toe walk and turn test. Office Hale reported that Appellant performed poorly on these tests. The officer then requested that Appellant submit to a breath alcohol test, which Appellant refused. Officer Hale then placed Appellant under arrest.

HORIZONTAL GAZE NYSTAGMUS

In his first assignment of error, Appellant contends that the trial court erred in allowing the State to present evidence regarding Appellant's performance on the horizontal gaze nystagmus test. Appellant argues that to admit such evidence without first requiring the State to establish the general acceptance of the test by the scientific community is reversible error. In State v. Murphy, the Tennessee Supreme Court resolved this issue, holding that the HGN test is a scientific test and that to be admissible at trial, evidence regarding the test must satisfy the requirements of Tennessee Rules of Evidence 702 and 703. State v. Murphy, ___ S.W.2d ___ (Tenn. 1997), S.Ct. No. 01-S-01-9602-CC-00035, Davidson County (Tenn., Nashville, Oct. 13, 1997). In Murphy, as in the case sub judice, the appellant was arrested for

-3-

driving under the influence of an intoxicant. The arresting officer performed field sobriety tests including the HGN test. The Supreme Court held that because the average juror would not know about the correlation between alcohol consumption and nystagmus, testimony concerning the test constituted "scientific, technical, or other specialized knowledge" State v. Murphy at 8. The Supreme Court held that as scientific evidence, testimony regarding the HGN test must be offered through an expert witness. Id.. Because the evidence regarding the HGN test in Appellant's trial was presented by a witness not qualified as an expert, we find that the trial court should not have allowed the admission of this testimony. However, in light of the overwhelming evidence of Appellant's guilt we find that this error was harmless.

## SUFFICIENCY OF THE EVIDENCE

Appellant also challenges the sufficiency of the evidence to support the jury verdict of guilt, arguing that his failure of two field sobriety tests (one leg stand and walk and turn heel to toe) does not constitute sufficient evidence to sustain the jury verdict. We do not agree. When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused in originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of

guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (Citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Mathews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Mathews, 805 S.W.2d at 779. Finally, the Tennessee Rules of Appellate Procedure, Rule 13(e) provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." See also State v. Mathews, 805 S.W.2d at 780.

In addition to the properly admitted testimony concerning two of the field sobriety tests, there was testimony about how Appellant smelled of alcohol, staggered and had bloodshot eyes. Further, the jury heard testimony that Appellant refused an alcohol breath test, from which the panel could have inferred Appellant had been drinking. See, State v. Wright, 691 S.W.2d 564

(Tenn. Crim. App. 1985); State v. Smith, 681 S.W.2d 569 (Tenn. Crim. App. 1984); (admission of evidence of refusal to take blood alcohol test not a violation of privilege against self-incrimination.) We find that a rational trier of fact could conclude beyond a reasonable doubt that Appellant was in control of the automobile and that he was under the influence of an intoxicant. This issue is without merit.

TESTIMONY CONCERNING COMPLAINT AGAINST ARRESTING OFFICER

In his next assignment of error, Appellant argues that the trial court erred in allowing the State to present evidence of a complaint he filed against Officer Hale. He alleges that the testimony was irrelevant, prejudicial and violated his right to due process under the Fifth and Sixth Amendments to the United States Constitution and Article 1, §§ 8 and 9 of the Tennessee Constitution. The record shows that Appellant failed to object to the State's line of questioning until the State had elicited testimony that Appellant had filed a claim, the nature of the claim, and that the witness had investigated Appellant's claim. Failure to make a contemporaneous objection waives consideration by this court of the issue on appeal. See T.R.A.P. 36(a); Teague v. State, 772 S.W.2d 915, 926 (Tenn. Crim. App. 1988), perm. to appeal denied, id. (Tenn. 1989); State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App.), perm to appeal denied, id. (Tenn. 1988). Appellant did eventually object to the State pursuing a line of questioning regarding the investigation of Appellant's claim against Officer Hale. The trial court sustained Appellant's objection. Appellant failed, however, to make a motion to strike the

preceding testimony. Appellant is not entitled to relief for an error that a timely objection could have prevented. This issue is without merit.

## EFFECTIVE ASSISTANCE OF COUNSEL

Appellant also argues that he did not receive effective assistance of counsel. This claim arises from the fact that his attorney attempted to call a Mr. Opilacki and when informed that the witness was not waiting in the hall proceeded on with trial without making any attempt to secure the witness and without making an offer of proof as to what the witness' testimony would have been. When an appellant claims he received ineffective assistance of counsel, the burden is upon him to show that 1) his counsel's performance fell below the objective standard of reasonableness and 2) that the deficiency prejudiced the appellant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). In order to establish prejudice, the appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. (*See also* State v. Seay, 945 S.W.2d 755 (Tenn. Crim. App. 1996) perm. to appeal denied (Tenn. 1996). Appellant has presented nothing to this Court (or to the trial court at the hearing on the motion for a new trial where Appellant was represented by a lawyer other than the one whose competence he attacks) to indicate what the testimony of this witness would have been. Appellant has not met his burden

of establishing that he was prejudiced by trial counsel's decision to continue without the appearance of Mr. Opilacki. This issue is without merit.

For the reasons discussed above, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
WILLIAM M. BARKER, JUDGE