IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2003

## STATE OF TENNESSEE v. WILLIAM O. EWERLING

**Appeal from the Criminal Court for Davidson County**
**No. 2001-T-567     Carol Soloman, Judge**

_____

**No. M2002-02459-CCA-R3-CD - Filed November 20, 2003**

_____

The Appellant, William O. Ewerling, appeals his conviction by a Davidson County jury for driving under the influence of an intoxicant (DUI), first offense. On appeal, Ewerling raises three issues for our review: (1) whether the trial court's admission of certain evidence at trial was error; (2) whether the evidence was sufficient to support his conviction; and (3) whether Ewerling's refusal to submit to a breath alcohol test was protected by his Fifth Amendment right against self-incrimination. Because the record on appeal fails to include either a transcript of the evidence from Ewerling's trial or a statement of the evidence as permitted by Tenn. R. App. P. 24, we find that these issues are procedurally defaulted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Clayton, Nashville, Tennessee, for the Appellant, William O. Ewerling.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Victor S. Torry, III, District Attorney General; and Scott McMurtry and Doug Thurman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On December 12, 2001, the Appellant was indicted by a Davidson County grand jury for DUI and violation of the implied consent law. Following a jury trial, the Appellant was found guilty of DUI and sentenced to eleven months, twenty-nine days, with all but ten days suspended. On August 13, 2002, the Appellant filed a motion for new trial, which was denied.

On appeal, the Appellant raises three issues: (1) whether the admission into evidence of "a life sized cut out of Elvira, 'The Mistress of the Evening,' holding a twelve pack of beer, found seat belted into the passenger seat of the Appellant's car," was error; (2) whether the convicting evidence was sufficient; and (3) whether the refusal to take a breath test is protected by the Fifth Amendment. The record on appeal is void of any evidence of the trial proceedings. The narration of facts contained in the Appellant's brief is not evidence and may not be considered as such. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

It is the Appellant's duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998). When no report, recital, or transcript is available, the Appellant has a duty to prepare a statement of evidence, "from the best available means, including the Appellant's recollection." Tenn. R. App. P. 24(c). The Appellant has failed to meet this requirement. We have repeatedly held that in the absence of a transcript of the proceedings or a statement of evidence relevant to an issue presented for review, the appellate court is precluded from considering the merits of the issue. *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. *State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. Tenn. R. App. P. 24(b). For these reasons, we are unable to address the Appellant's issues as presented on appeal.[1]

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[1] With regard to the Appellant's argument that refusal to submit to a breath alcohol test is protected by the Fifth Amendment, we are constrained to note that this argument has been repeatedly rejected by the courts of this State. *State v. Frazier*, 914 S.W.2d 467, 471-72 (Tenn. 1996); *State v. Humphreys*, 70 S.W.3d 752, 761 (Tenn. Crim. App. 2001); *State v. Morgan*, 692 S.W.2d 428, 430 (Tenn. Crim. App. 1985); *State v. Smith*, 681 S.W.2d 569, 570-71 (Tenn. Crim. App. 1984).